UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY M. GROUX, | No. 2:23-cv-2831 KJN P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA PRISON INDUSTRY AUTHORITY, et al., | |
| Defendants. | |

  Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

  Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks

omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

Plaintiff's Complaint

Plaintiff included California Prison Industry Authority ("CALPIA" or "PIA") as a defendant in the case caption.  In the defendants' section of the pleading, plaintiff names Andrew Texlxlert or Teixlera (hereafter "Teixlera"), head supervisor, PIA (A) yard; Dave Swenson, head supervisor, PIA (A) yard; Karen Stewart, supervisor, (A) yard sewing; and Valarie Lacebal, supervisor, (A) yard sewing, all employed at Mule Creek State Prison.

First Cause of Action

Plaintiff, who identifies as transgender, alleges that defendants Lacebal and Stewart violated plaintiff's constitutional rights while plaintiff was working in the PIA sewing shop.

3

Specifically, defendant Stewart, sewing supervisor, asked why plaintiff was not working at the sewing machine station. Stewart called plaintiff to Stewart's desk, and plaintiff explained that plaintiff was waiting for an operation sewing bundle to start work as everyone was instructed. Stewart said plaintiff wasn't fast enough. Plaintiff responded that plaintiff was semi-skilled on the Bartock sewing machine even though the machine kept coming unthreaded. While defendants Lacebal and Stewart were standing nearby, plaintiff returned to the workstation, and inmate Johnson, sewing leadman, who was about eight feet from defendants Lacebal and Stewart, told plaintiff to stop being a retard, you're being a retard and you're acting like a retard. (ECF No. 1 at 4.) Plaintiff claims both defendants Lacebal and Stewart heard inmate Johnson, although they both deny they heard Smith's comments. Defendant Lacebal then told plaintiff you're going home, give me your PIA sewing shop work tools, and if plaintiff said anything else, Lacebal would push the alarm to have a correctional officer escort plaintiff out. Plaintiff was fired on July 6, 2023 without cause or reason. Plaintiff claims discrimination in violation of the Equal Protection Clause, and violation of plaintiff's rights under the Fourteenth Amendment, Eighth Amendment, and the Fifth Amendment. (ECF No. 1 at 3.)

<u>Second Cause of Action</u>

On an unidentified day in December of 2022, while employed at the PIA sewing shop, male co-workers were allowed to rush down to the CALPIA work exchange table area before plaintiff had finished changing clothes, violating plaintiff's right to privacy, posing a threat to her safety, and punishing her because of her gender identity as a transsexual. The co-workers were not to be released until the correctional officer called the CALPIA sewing shop supervisors to let them know plaintiff was finished dressing. When Stewart and Lacebal came down to the work exchange table to leave, correctional officers Vilasener and Adair objected that no one had called down to advise plaintiff had finished dressing, and this was not the first time this had happened. Stewart responded that she thought plaintiff was done because plaintiff had been down there long enough, but from now on plaintiff could go last to avoid being seen undressed and because it takes plaintiff too long. At this point plaintiff said this was an invasion of privacy and plaintiff was going to file an inmate appeal about this problem because it has happened several times.

Plaintiff claims violation of rights under the Equal Protection Clause, Fourteenth Amendment, Eighth Amendment cruel and unusual punishment, Fifth Amendment, threat to safety, retaliation, and "discrimination of sexual identity." (ECF No. 1 at 6.)

### Third Cause of Action

Plaintiff raises the same allegations as alleged in the second cause of action, but apparently occurring on a different day in December of 2022, again based on defendants Stewart and Lacebal releasing plaintiff's male co-workers down to the work exchange table before plaintiff was finished dressing. Plaintiff was being punished for making a complaint about the CALPIA sewing shop supervisors releasing the male co-workers too early to discriminate against transgenders. Plaintiff also alleges defendants Stewart and Lacebal allowed inmate Johnson to harass plaintiff by calling plaintiff retarded.

## Discussion

### Noncognizable Claims

#### Eleventh Amendment

In the caption of the complaint, plaintiff names the California Prison Industry Authority ("PIA") as a defendant but does not identify the PIA as a defendant in the defendants' section of the complaint. To the extent plaintiff seeks to hold the PIA liable under section 1983, such claims are barred by the Eleventh Amendment. The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)(per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).

Here, the PIA is a sub-agency within the CDCR that among other things, operates work programs for prisoners. See Cal. Penal Code §§ 2800-01; Burleson v. California, 83 F.3d 311, 312-13 (9th Cir. 1996) (describing origins of PIA). The PIA is by statute a part of the CDCR. Burleson, 83 F.3d at 312-13 (citing Cal. Penal Code § 2800). The PIA's status as a part of the California correctional system brings it within the ambit of "prison-structured programs." Id. at 314. Accordingly, plaintiff's claims against the PIA are barred by the Eleventh Amendment. See e.g., Palacios v. Lewis, 2023 WL 8628909, at *2 (S.D. Cal. Dec. 13, 2023) (dismissing pro se

prisoner's claims as barred by the Eleventh Amendment under 28 U.S.C. § 1915(e)(2)(B)(iii) and 1915A(b)(ii); Hansen v. CAL/PIA, 2010 WL 4723079, at *4 (E.D. Cal. Nov. 15, 2010) (dismissing prisoner's claims against PIA Industries as barred by the Eleventh Amendment pursuant to 28 U.S.C. § 1915A).)

### Fourteenth Amendment

The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents v. Roth, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" Wright v. Riveland, 219 F.3d 905, 913 (9th Cir. 2000) (quoting Portman v. Cnty. of Santa Clara, 995 F.2d 898, 904 (9th Cir. 1993)).

Plaintiff fails to state a cognizable Fourteenth Amendment claim based on the decision of either defendant Stewart or defendant Lacebal to terminate plaintiff from the sewing job because plaintiff has no liberty interest in a prison job. "[T]he Due Process Clause of the Fourteenth Amendment 'does not create a property or liberty interest in prison employment.'" Walker v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (quoting Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (per curiam)) (citing Baumann v. Ariz. Dep't of Corr., 754 F.2d 841, 846 (9th Cir. 1985)). Thus, because plaintiff has no property or liberty interest in prison employment, the Court need not reach the issue of what process is due.

Thus, plaintiff's complaint fails to state a due process claim based on the decision to terminate plaintiff's sewing job assignment.

### Equal Protection

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)).

To state a claim for violation of the Equal Protection Clause, a plaintiff must allege facts plausibly showing that the defendants intentionally treated plaintiff differently from other similarly situated inmates, see Lee v. City of L.A., 250 F.3d 668, 686 (9th Cir. 2001), or that the defendants intentionally discriminated against plaintiff based upon membership in a protected class, see Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam); see also Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005) (plaintiff must show "that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class"). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (emphasis in original).

Here, plaintiff alleges no facts demonstrating that the actions of defendants Stewart and Lacebal were based on plaintiff's transgender identity. Rather, plaintiff alleges that defendant Stewart remarked that plaintiff was slow in performing work and took too long to change clothes. Plaintiff speculates that actions were taken based on plaintiff's transgender identity, but plaintiff sets forth no facts evidencing discriminatory intent on the part of a particular defendant. Plaintiff's complaint fails to state an equal protection claim.

### Fifth Amendment

In each cause of action, plaintiff claims that plaintiff's Fifth Amendment rights were violated, but plaintiff fails to explain how the Fifth Amendment is implicated. The Fifth Amendment Due Process Clause applies only to the federal government and therefore does not apply to this case. Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008); Castillo v. McFadden, 399 F.3d 993, 1002 n.5 (9th Cir. 2005) ("The Fifth Amendment prohibits the federal government from depriving persons of due process, while the Fourteenth Amendment explicitly prohibits deprivations without due process by the several States.").

### Harassment

Plaintiff's claims that inmate Smith harassed plaintiff by calling plaintiff retarded fails to state a cognizable claim. Inmates do not act under color of state law.

To the extent plaintiff contends that defendants Stewart and Lacebal failed to intervene to

stop inmate Smith from making such comments, such allegation also fails to state a claim. Allegations of harassment and embarrassment are not cognizable under section 1983. Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see also Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir.1982) (allegations of harassment with regards to medical problems not cognizable); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (Arkansas state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); Batton v. North Carolina, 501 F.Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

### No Charging Allegations

Plaintiff includes no charging allegations as to head supervisors Andrew Teixlera or Dave Swenson, and plaintiff includes no facts implicating such defendants. There are no facts demonstrating a causal connection between such head supervisors and the actions or omissions of defendants Stewart and Lacebal. To the extent plaintiff seeks to hold defendants Teixlera or Swenson responsible solely based on their positions as head supervisors over defendants Stewart and Lacebal, such effort fails. Vicarious liability may not be imposed on a supervisory employee for the acts of their subordinates in an action brought under § 1983. Lemire v. California Dep't of Corrs. & Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013).

### Potentially Cognizable Claims

#### First Amendment

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff may be able to state a cognizable retaliation claim based on plaintiff's allegation that plaintiff was fired because plaintiff filed an administrative appeal concerning Stewart's prior early release of male co-workers. However, it is unclear which defendant fired plaintiff. In addition, plaintiff failed to address each element of a retaliation claim as required under Rhodes. Plaintiff must set forth facts showing that the particular defendant took an adverse action against plaintiff because of plaintiff's protected First Amendment activity, that the adverse action chilled the exercise of plaintiff's First Amendment rights and served no legitimate penological purpose. Plaintiff must make this showing as to each defendant against whom plaintiff brings a retaliation claim.

Plaintiff is granted leave to amend as to the First Amendment retaliation claims.

### Fourth Amendment Right to Privacy

The Fourth Amendment applies to the invasion of bodily privacy in prisons and jails. Bull v. City and Cnty. of San Francisco, 595 F.3d 964, 972 (9th Cir. 2010) (en banc). "[I]ncarcerated prisoners retain a limited right to bodily privacy." Michenfelder v. Sumner, 860 F.2d 328, 333 (9th Cir. 1988). "Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity." Id. However, "assigned positions of female guards that require only infrequent and casual observation, or observation at distance, and that are reasonably related to prison needs are not so degrading as to warrant court interference." Id. at 334 (citing Grummett v. Rushen, 779 F.2d 491, 494-95 (9th Cir. 1985)); see id. at 332 (holding that the infringement of male inmates' right to privacy by allowing female officers to observe strip searches of male prisoners is "reasonably related to legitimate penological interests"). As one district judge stated:

> "Importantly, the Supreme Court has not recognized that an interest in shielding one's naked body from public view should be protected under the rubric of the right of privacy. . . ." See Grummett v. Rushen, 779 F.2d 491, 494 (9th Cir. 1985). Although the Ninth Circuit determined "a prisoner[ ] [has] limited right to bodily privacy," such a claim "calls for a highly factual inquiry." See Hydrick v. Hunter, 500 F.3d 978, 1000 (9th Cir. 2007); Michenfelder v. Sumner, 860 F.2d 328 (9th Cir. 1988). Factors the Court has considered include: "the gender of those prison officials who viewed

>inmates, the angle and duration of viewing, and the steps the prison had taken to minimize invasions of privacy." Id., citing Grummett, 779 F.2d at 494-95.

Medina v. Brown, 2019 WL 1979923, at *10 (E.D. Cal. May 3, 2019), report and recommendation adopted sub nom. Medina v. Kernan, 2021 WL 5179899 (E.D. Cal. Nov. 8, 2021).

Moreover, "we cannot assume from the fact that the [conditions] cause immense anguish that they therefore violate protected Fourth Amendment interests. Instead, prior case law suggests that prisoners' legitimate expectations of bodily privacy from persons of the opposite sex are extremely limited." Jordan v. Gardner, 986 F.2d 1521, 1524 (9th Cir. 1993) (en banc) (declining to reach Fourth Amendment claim and instead deciding case based on Eighth Amendment grounds). On the other hand, the Ninth Circuit has held that alleged cross-gender viewing of pre-trial detainees "in showers and toilets frequently and up close" was sufficient to state a claim under the Fourth Amendment. See Byrd v. Maricopa Cty. Bd. of Supervisors, 845 F.3d 919, 923 (9th Cir. 2017).

Here, plaintiff does not allege facts that plaintiff was personally subjected to cross-gender searches, cross-gender viewing in showers or toilets "frequently and up close." Rather, plaintiff alleges that on several occasions, male co-workers were released early and arrived in the work table area before plaintiff finished changing clothes. It is unclear how close and for how long the alleged viewing took place. In the third cause of action, plaintiff claimed that on this occasion, the male co-workers could see plaintiff's breasts in her bra. In an abundance of caution, plaintiff is granted leave to amend to include additional facts to support a claim for violation of the Fourth Amendment right to privacy.

Eighth Amendment

Plaintiff's complaint broadly asserts an Eighth Amendment cruel and unusual punishment claim against defendants and marked the box "threat to safety" in connection with all three causes of action.

To state an Eighth Amendment threat-to-safety or failure-to-protect claim, a plaintiff must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively,

10

sufficiently serious" such that the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations omitted).  Second, the prison official must have a "sufficiently culpable state of mind," i.e., he or she must act with "deliberate indifference to inmate health or safety." Id. (internal quotations omitted).  Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. Id. at 835.  In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837.

Plaintiff's allegations fail to demonstrate that any defendant knew of and disregarded an excessive risk to plaintiff's health.  Plaintiff describes no risk of serious harm plaintiff faced based on the allegations herein.  The allegations show that nonparty correctional officers were nearby, as plaintiff states they were to call defendants Stewart or Lacebal once plaintiff finished dressing.  While plaintiff alleges that male co-workers could view plaintiff changing clothes, plaintiff does not explain their proximity to plaintiff or to the supervising correctional officers. Plaintiff thus fails to state a cognizable deliberate indifference claim.

Leave to Amend

Based on the above deficiencies, plaintiff's complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, plaintiff is granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained about resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Further, vague, and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must

/////
/////
/////
/////
/////

also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: February 14, 2024

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

/cw/grou2831.14n

1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                   FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   TIMOTHY M. GROUX,                    No.  2:23-cv-2381 KJN P
12              Plaintiff,
13        v.                              NOTICE OF AMENDMENT
14   CALIFORNIA PRISON INDUSTRY
     AUTHORITY, et al.,
15              Defendants.
16
17        Plaintiff hereby submits the following document in compliance with the court's order
18   filed_____.
                                          Amended Complaint
19   DATED:    _____
20
21                                        _____
                                          Plaintiff
22
23
24
25
26
27
28